CHRISTINE MÉDART, Wife, &c. *v.* FASNATCH et al.

The rule, that such matters of defence as might have been pleaded on the merits, cannot form legal grounds for an injunction, in arrest of the execution of the judgment, finds an exception in cases of persons incapacitated from contracting generally or specially. As long as the disability lasts, a judgment obtained against them, under such circumstances, and which has not acquired the force of the thing adjudged, is liable to the same objection as the obnoxious obligation.

A party may cumulate separate actions in the same demand, when the one is not contrary to the other, nor precludes it, even though they arise from different contracts.

APPEAL from Sixth District Court of New Orleans, *Howell*, J.

*L. Castera*, for plaintiffs and appellants. *Race & Foster*, for defendants.

VOORHIES, J. The plaintiff appeals from a judgment dismissing her demand, upon an exception filed by the defendants.

The exception charges, in the first place, that the petition discloses no ground of action; and, secondly, that it contains an illegal cumulation of actions.

I. The plaintiff, a married woman, enjoins the execution of two judgments obtained against her and her husband jointly. She alleges that both judgments, and the two notes, upon which they were rendered, are null and void, because, so far as she was concerned, these obligations were in fraud of the law, being merely the surety of her husband.

The defendants, on the other hand, contend that this was a good ground of defence at the time of the rendition of the two judgments; and that, consequently, it cannot be urged as a ground of injunction.

The rule, that such matters of defence as might have been pleaded on the merits, cannot form legal grounds for an injunction, finds an exception in cases of persons incapacitated from contracting generally or specially. As long as the disability lasts a judgment obtained against them, under such circumstances, and which has not acquired the force of the thing adjudged, is liable to the same objection, as the obnoxious obligation. We have lately held that a judgment obtained upon the judicial confession of the wife, did not prevent her from afterwards question-

MÉDART
*v.*
FASNATCH.

ing the legality of the obligation, upon which the judgment was rendered. *Baines* v. *Burbridge,* 15 An.

II. There was not an improper cumulation of actions in the petition. Separate actions may be cumulated in the same demand, when the one is not contrary to the other, nor precludes it; nor does it matter whether they arise from different contracts. C. P. 149—151.

Each of the two judgments, obtained against the plaintiff, is based upon notes, having the same payees and drawers; and the object of the present suit is to protect the plaintiff against the enforcement of these judgments out of her property. Viewing this as a cumulation of actions, the demands cannot be considered as inconsistent with each other; indeed, although they grow out of the same transactions, the one indebtedness is neither exclusive of, nor contrary to the other.

In point of fact, however, there is really but one cause of action disclosed in the petition.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; that the exception filed by the defendant be set aside, and this case remanded for further proceedings according to law, the· defendants paying the costs of appeal.